UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAMIA FUDGE, et al. | CASE NO. 4:12CV2428 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| -vs- | |
| | MEMORANDUM OF OPINION |
| RITA WATSON, et al. | AND ORDER |
| Defendant. | |

I.  **Procedural History**

On September 27, 2012, Plaintiffs Shamia Fudge, Kenya Kennedy and T.W. filed the instant lawsuit against Trumbull County Children Services Board ("TCCSB") and Rita Watson in her individual capacity, a former employee of TCCSB. Plaintiffs' complaint asserts two causes of action, but does not specifically state what those causes of action are. It appears that Plaintiffs contend that Defendants violated their 4th and 14th Amendment rights, thus constituting an action pursuant to 42 U.S.C. §1983. On November 12, 2012, while denying the claims in Plaintiffs complaint, Defendant TCCSB moved to dismiss, arguing that the claims in the complaint are time-barred, that Plaintiffs failed to state a viable claim pursuant to 42 U.S.C. §1983, and that TCCSB is entitled to political subdivision immunity. On November 29, 2012, Defendant Rita Watson filed her motion to dismiss. She asserted that the claims were time-barred and that Plaintiffs failed to state a claim upon which relief can be granted.

On December 4, 2012, Plaintiffs filed their response to TCCSB's motion to dismiss. This response does not refer to Defendant Watson's motion to dismiss[1]. TCCSB replied to Plaintiffs' response. On January 31, 2012, the Court held a Case Management Conference and heard

---

[1] The Court recognizes a footnote in Plaintiffs' response to TCCSB's motion to dismiss that the arguments made in a specific section applied equally to Defendant Watson's motion to dismiss. Doc. 13, FN2. However, the motion is specifically captioned as a response to TCCSB's motion.

arguments on the pending motions to dismiss. At the hearing, Defendant Watson's counsel noted that her motion to dismiss was unopposed, rather, Plaintiffs only response was specifically to TCCSB's motion to dismiss. Plaintiffs' counsel conceded that their response was limited to TCCS, but argued that the response to the statute of limitations argument raised by both TCCS and Defendant Watson was the same. Thus, it appears Plaintiffs request this Court to overlook their failure to respond to Defendant Watson's motion to dismiss. Even if this Court were so inclined, this case must be dismissed for failure to comply with the applicable statute of limitations. The Court concludes that a response to Defendant Watson's motion to dismiss would not change this result.

    II.    **Factual History**

According to the Complaint, Plaintiffs were each under the custody of TCCS before they reached the age of majority. Defendant Watson was employed by TCCS as a Leader/Dorm Mother. Defendant Watson directly supervised Plaintiffs during their tenure with TCCS. Plaintiffs assert that while under Defendant Watson's supervision, while they were minors, they were subject to sexual conduct over an extended period of time. Plaintiffs further allege that throughout their time with TCCS Watson groomed them through shopping trips and other special privileges.

Plaintiffs state that as a direct result of the sexual assault by Defendant Watson, they suffered physical injuries and substantial psychological harm. They further contend that the sexual assault occurred while Defendant Watson was acting within the scope of her employment with TCCS. Plaintiffs assert that they reported Defendant Watson's inappropriate behavior to TCCS, but that TCCS took no correction action and continued to employ Defendant Watson.

Plaintiffs' Complaint does not state when the Plaintiffs reached the age of majority. Rather, it states that the events in question all occurred *before* they reached the age of majority. In Defendant Watson's motion to dismiss, she attached each Plaintiff's birth certificate. Defendant Watson asks this Court to take judicial notice of each Plaintiff's birthdays pursuant to Fed. R. Evid. 201. Notably,

> Fudge was born on August 1, 1991. (Ex. 1). Thus, Fudge reached the age of majority on August 1, 2009. Kennedy was born on January 18, 1991. (Ex. 2). Thus, Kennedy reached the age of majority on January 18, 2009. T.W. was born on July 13, 1989. (Ex. 3). Thus, T.W. reached the age of majority on January 18, 2007.

Doc. 10.

Tellingly, at the hearing on this issue, Plaintiffs acknowledged that they were 21, 22, and 23 at the time that the instant lawsuit was initiated. They do not challenge the validity of the birth certificates as attached to Defendant Watson's motion to dismiss. Instead they focus their claim on the interpretation of the applicable statute of limitations, *not* when the Plaintiffs reached the age of majority. As the Plaintiffs' dates of birth are not contested, this Court takes judicial notice of these dates as set forth in their birth certificates. Fed.R. Evid. 201.

### III. Legal Standard

Defendants' move to dismiss the instant Complaint pursuant to Fed.R.Civ.P. 12(b)(6). The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir.2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65 (citations and quotation marks omitted). Additionally, the

> Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quotations and emphasis omitted).

### IV. Analysis

At issue in the instant case is the applicable statute of limitations.  Defendants argue that Plaintiffs' claims were brought outside the time limits and therefore should be dismissed.  Specifically, Defendants contend that

> In §1983 actions, courts apply the relevant state statute of limitations to determine whether the claim was timely filed. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) citing 42 U.S.C. §1983 (1988); *Wilson v. Garcia*, 471 U.S. 261, 268-69, 105 S.Ct. 1938, 1942-43, 85 L.Ed.2d 254 (1985). "For civil rights claims brought in Ohio, the two-year general statute of limitations contained in Ohio Revised Code §2305.10 applies." *Collyer* at 220, citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Thus, in this case, Plaintiffs' claims pursuant to 42 U.S.C. §1983 are governed by a two-year statute of limitations. Id.

Doc. 10. Plaintiffs argue that the statute of limitations began to run on the date they each reached the age of majority. In Ohio, the age of majority is 18 years old. O.R.C. §3109.01. According to their birth certificates, Plaintiff Fudge reached the aged of majority on August 1, 2009. Plaintiff Kennedy reached the age of majority on January 18, 2009. Plaintiff T.W. reached the age of majority on January 18, 2007. The instant Complaint was filed on September 27, 2012. Accordingly, the Complaint was filed well after the applicable two-year statute of limitation period expired.

Plaintiffs do not contest the fact that the Complaint was filed more than two years after they reached the age of majority. Instead, Plaintiffs content that the applicable statute of limitation is found in O.R.C. §2305.111(C)[2], which would allow each Plaintiff 12 years after the age of majority to bring this suit. Specifically, Plaintiffs contend that "[w]hen 'borrowing' a state law statute of limitations for use in a §1983 lawsuit, a federal court should select the same statute of limitations that a state court would apply in an analogous situation. *Bourdais v. New Orleans City,* 485 F.3d 294 (5th Cir. 2007)." Doc. 13. Therefore, because they assert that they were sexually molested as children, O.R.C. §2305.111, which specifically addresses the statute of limitations for an action for assault brought by a victim of childhood sexual abuse based on

---

[2] Plaintiffs incorrectly cite this Court to O.R.C. §2305.011 for their statute of limitation argument. The correct citation is to O.R.C. §2305.111.

childhood sexual abuse, affords them 12 years after reaching the age of majority to bring their claim. However, this argument is without merit.

The United States Supreme Court has explained that

> Recognizing the problems inherent in the case-by-case approach, we determined that 42 U.S.C. § 1988 requires courts to borrow and apply to all §1983 claims the one most analogous state statute of limitations. *Ibid*. See *Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct., at 1946 ("[F]ederal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach"); see also *id.,* at 272, 105 S.Ct., at 1945 ("[A] simple, broad characterization of all § 1983 claims best fits **577 the statute's remedial purpose"). We concluded, based upon the legislative history of § 1983 and the wide array of claims now embraced by that provision, that § 1983 "confer[s] a general remedy for injuries to personal rights." *Id.,* at 278, 105 S.Ct., at 1948. **Because "§ 1983 claims are best characterized as personal injury actions," we held that a State's personal injury statute of limitations should be applied to all § 1983 claims. Id., at 280, 105 S.Ct., at 1949.**

(Emphasis Added) *Owens v. Okure*, 448 U.S. 235, 240-241 (1989). As such, "For civil rights claims brought in Ohio, the two-year general statute of limitations contained in Ohio Revised Code §2305.10 applies." *Collyer v. Darling*, 98 F.3d 211, 220, (6th Cir. 1996) citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Accordingly, Plaintiffs have not filed their instant Complaint within the requisite statute of limitations. Therefore, Plaintiffs have failed to state a cause of action upon which this Court can grant relief. Fed.R.Civ.P. 12(b)(6)

V.      **Conclusion**

Plaintiffs have not brought the instant complaint within the applicable statute of limitations. As such, the complaint is hereby DISMISSED for failure to state a claim upon which relief can be granted.

Dated: <u>February 7, 2013</u>     <u>/s/ John R. Adams</u>
                                    UNITED STATES DISTRICT JUDGE